**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IOSEB KOCHISHVILI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-245 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *in his official capacity as* | ) | |
| *the Warden of the Moshannon Valley* | ) | |
| *Processing Center et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Ioseb Kochishvilli ("Petitioner") filed an Emergency Petition for Writ of Habeas Corpus ("Petition") on February 15, 2026, (ECF No. 1). On February 18, 2026, the Court ordered service of the Petition (ECF No. 4). Laura Schleich Irwin, of the United States Attorney's Office entered her appearance for Respondents on February 23, 2026 (ECF No. 6). Respondents filed a Response (ECF No. 7) on March 18, 2026, and Petitioner filed a Reply (ECF No. 8) on March 27, 2026. Shortly thereafter, on April 10, 2026, Petitioner's Counsel informed the Court, by way of Notice (ECF No. 9), that Petitioner was granted voluntary removal by the Immigration Judge and the decision is final. ECF No. 9, pp. 1. Respondents filed a Notice of Suggestion of Mootness (ECF No. 10) in agreement with the notice of voluntary removal.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant

1

must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's voluntary departure, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 14th day of April, 2026, IT IS ORDERED that Petitioner's Emergency Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2